IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LPL FINANCIAL LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-23-00274-JD |
| JEFF COREY MCELROY, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Plaintiff LPL Financial LLC's Motion for Default Judgment ("Motion") [Doc. No. 12]. On October 20, 2023, the Court Clerk entered default against Defendant Jeff Corey McElroy. [Doc. No. 11]. Jeff Corey McElroy has not responded to the Motion, and, although duly served with process, he has failed to appear and answer or otherwise respond to the Application to Confirm Arbitration Award [Doc. No. 1]. For the reasons stated below, the Court finds that default judgment should be entered.

**I.    BACKGROUND**

On March 27, 2023, Plaintiff initiated this action pursuant to 9 U.S.C. § 9 seeking confirmation of an award rendered in an arbitration proceeding before the Financial Industry Regulatory Authority ("FINRA") on March 28, 2022 (the "Award") against Jeff Corey McElroy. In the underlying FINRA arbitration, Plaintiff alleged that Jeff Corey McElroy defaulted on the promissory note it issued to Jeff Corey McElroy and sought damages representing the total amount due under the promissory note and associated fees, costs, and interest. FINRA held an evidentiary hearing and issued an award in favor

of Plaintiff, awarding Plaintiff the total amount due on the promissory note, interest on the total amount due on the promissory note, fees due under the Defendant's Representative Agreement, interest on the fees due under the Representative Agreement, attorneys fees, and costs. The award has not been vacated, modified, or corrected, and Plaintiff seeks to confirm the FINRA arbitration award into a judgment. *See* Application [Doc. No. 1].

The record reflects that Defendant was timely served and that the time for Defendant to answer or otherwise respond has expired. Defendant neither appeared nor filed any motion or pleading, and the Clerk of the Court entered the default of Defendant pursuant to Federal Rule of Civil Procedure 55(a) on October 20, 2023. *See* Clerk's Entry of Default [Doc. No. 11].

Plaintiff filed its Motion on November 21, 2023. [Doc. No. 12]. The Motion reflects that it was mailed and emailed to Defendant. No timely response to the Motion has been made, and pursuant to Local Civil Rule 7.1(g), the Court deems the Motion confessed.

## II.   STANDARD FOR ENTRY OF DEFAULT JUDGMENT

"[T]he entry of default judgment is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). The Court may consider a variety of factors in the exercise of discretion, including:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks and citations omitted).[1] Default judgments are generally disfavored considering the policy that cases should be decided on their merits whenever reasonably possible. *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991). Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party. *See id.* at 733.

### III.   DISCUSSION

#### A.   Procedural Requirements

Under Rule 55 of the Federal Rules of Civil Procedure, default judgment may be entered against a party who fails to appear or otherwise defend against an action. That rule sets out a two-step procedure. Initially, the Plaintiff must ask the Clerk of the Court to enter default. Fed. R. Civ. P. 55(a). Only after the Clerk has complied, may the Plaintiff seek default judgment under Rule 55(b). *See Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (unpublished) (noting that entry of default is a prerequisite for the entry of a default judgment under Rule 55(b)(1)).

The procedural requirements for a grant of default judgment by the Court require that the application be accompanied by an affidavit in compliance with Local Civil Rule 55.1, which states "[n]o application for a default judgment shall be entertained absent an affidavit in compliance with the Servicemembers Civil Relief Act, [50 U.S.C. § 3931]."

---

[1] "Although the *Ehrenhaus* test was born from a decision to dismiss a case, it is equally applicable to motions for default judgment." *Tom v. S.B., Inc.*, 280 F.R.D. 603, 610 (D.N.M. 2012) (citing *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011)).

Here, the record reflects that Defendant has failed to answer or plead, default was entered by the Clerk, and Plaintiff's Motion complies with Local Civil Rule 55.1.[2]

### B. Jurisdiction

"[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). Defects in personal jurisdiction are not waived by default when a party fails to appear or to respond, and the plaintiff bears the burden of proving personal jurisdiction before a default judgment may be entered. *See id.* at 1202–03.

The plaintiff's burden may be met on the basis of the pleadings and affidavits. *See, e.g.*, *Sharpshooter Spectrum Venture, LLC v. Consentino*, Civil Action No. 09-cv-0150-WDM-KLM, 2011 WL 3159094, at *2 (D. Colo. July 26, 2011) ("[W]here, as here, the issue is determined on the basis of the pleadings and affidavits, that burden may be met by a *prima facie* showing." (footnote omitted) (citing *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011)).

Here, the record establishes that Defendant was served with process in Oklahoma, Defendant is a resident of Oklahoma, and the underlying FINRA arbitration hearing occurred in Oklahoma. As such, the Court is satisfied that it has personal jurisdiction over Defendant. The Court also has subject-matter jurisdiction over this case under 28 U.S.C.

---

[2] Plaintiff attached the affidavit required by Local Civil Rule 55.1 to its Motion for Entry of Default. *See* [Doc. No. 7-1].

§ 1332(a)(1) because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, excluding interests and costs.[3]

### C. Basis of Liability

Upon an entry of default, the Court takes all of the well-pleaded facts in a complaint as true. *See Tripodi*, 810 F.3d at 764 (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts"); *see also United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) (unpublished) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (internal quotation marks and citation omitted).

The Court, however, need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages sought. Therefore, before granting a default "the Court must first ascertain whether the uncontested facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *See, e.g.*, *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269,

---

[3] The record shows that LPL Financial Holdings, Inc. is the sole owner of Plaintiff LPL Financial LLC, and that LPL Financial Holdings, Inc. is incorporated in Delaware. *See* [Doc. No. 9]. The Application also alleges that Plaintiff's principal place of business is California. [Doc. No. 1 ¶ 1]. Thus, Plaintiff's citizenship is California and Delaware. The Application alleges that Defendant is a citizen of Oklahoma, and thus, complete diversity exists. While jurisdiction may be based on the pleadings and the record, the Court further notes that publicly available information supports that complete diversity exists. *See* https://investor.lpl.com/investor-faqs (explaining corporate headquarters of LPL Financial Holdings, Inc. are in California) (last visited May 27, 2024).

1274–75 (D. Kan. 2016) ("Even after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law. Furthermore, a default judgment does not establish the amount of damages. Plaintiff must establish that the amount requested is reasonable under the circumstances." (internal quotation marks and citations omitted).

"'If [a] defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing.'" *Craighead*, 176 F. App'x at 925 (citations omitted) (second alteration in *Craighead*); *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation.").

Accepting the well-pleaded allegations in the Application as true, the Court finds the allegations support entry of a default judgment. The amount prayed for in the Application and referenced in the Motion consist of a sum certain or a sum easily determined by mathematical calculation and is a sum previously awarded by a FINRA arbitrator after conducting an evidentiary hearing. *See* Award [Doc. No. 1-1].

### D.     Relief Requested

Plaintiff requests the Court enter judgment confirming the arbitration award as follows:

1.     $82,341.34 in damages reflecting the amount due on the promissory note;

2. Interest on $82,341.34 at the rate of 4.91% per annum from August 20, 2019, through and including the date the Judgment is paid in full;

3. $1,754.32 in damages for fees due under Jeff Corey McElroy's Representative Agreement with LPL;

4. Interest on $1,754.32 at the rate of 7.00% per annum from October 15, 2019, through and including the date the Judgment is paid in full;

5. $6,402.50 in attorney fees; and

6. $68.49 in costs.

Upon consideration, the Court finds that an award of $82,341.34 in damages on the promissory note with interest due, $1,754.32 in damages on the amount owed under the Representative Agreement with interest due, $6,402.50 in attorney fees, and $68.49 in costs is just. This amount adequately compensates Plaintiff for the amount due on the promissory note [Doc. No. 1-2] and Representative Agreement [Doc. No. 1-3], and associated fees, costs, and interest that it was awarded in the Arbitration Award [Doc. No. 1-1].

## IV.  **CONCLUSION**

For the reasons stated above, the Court GRANTS Plaintiff's Motion for Default Judgment [Doc. No. 12]. A separate Default Judgment shall be entered accordingly.

IT IS SO ORDERED this 28th day of May 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE